IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS E. WOODS,                                    )
                                                    )  Civil Action No. 06 - 1590
                        Plaintiff,                  )
                                                    )  District Judge Nora Barry Fischer
v.                                                  )  Magistrate Judge Lisa Pupo Lenihan
                                                    )
LARRY J. MEDLOCK, *(Warden);* BARRY                 )
CROFTCHECK, *(Deputy Warden);* GARY                 )
BROWNFIELD, *(Sheriff);* VINCENT A.                 )
VICITIES, *(Commissioner)*; JOSEPH                  )
HARDY, *(Commissioner)*; ANGELA                     )
ZIMMERLINK *(Commissioner)*; JOHN DOE               )
*#1.,(Correctional Officer)*; JANE DOE *#1.,*       )
*(Correctional Lieutenant)*; JOHN DOE *#2.,*        )
*(Maintenance Supervisor)*; JANE DOE *#2.,*         )
*(Prison Nurse)*; JANE DOE *#3., (Prison*           )
*Counselor)*; JOHN DOE *#3., (Prison*               )
*Contracted Medical Services); JOHN DOE*            )
*#4., (County Prison Board); Each  is sued in*      )
*their individual and official capacity,*           )
                                                    )
                        Defendants.                 )


MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


I.            RECOMMENDATION

        For the reasons that follow, it is respectfully recommended that the Motion to

Dismiss (doc. no. 12) be granted as to Defendants Brownfield, Vicities, Hardy, Zimmerlink, and

John Doe No. 4 - County Prison Board.  It is respectfully recommended that the Motion to Dismiss

be denied as to Defendants Medlock, Croftcheck, John Doe No. 1 - Officer J.R., Jane Doe No. 1 -

Correctional Lieutenant, John Doe No. 2 - Maintenance Supervisor, and Jane Doe No. 3 - Prison Counselor.[1]

II.         REPORT

Plaintiff, Thomas E. Woods, a state prisoner currently confined at the State Correctional Institution at Graterford, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against thirteen Defendants alleging violations of his rights under the First, Eighth and Fourteenth Amendments of the United States Constitution as well as his rights under Pennsylvania law.  His claims are discussed below.

**A. Standard of Review**

Defendants Medlock, Croftcheck, Brownfield, Vicities, Hardy, Zimmerlink, John Doe No. 1; John Doe No. 2 and John Doe No. 4 have filed a partial Motion to Dismiss under Fed. R. Civ. P. 12(6)(6) (doc. no. 13).[2]  As the United States Supreme Court recently held in Bell Atlantic Corp. v.Twombly, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The court must accept as true all allegations of the Complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff.  Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.

_____

1. Of course, Plaintiff's claims remain pending as to the non-moving Defendants.

2. The Court notes that this a partial motion because the Motion was filed only on behalf of ten of the thirteen defendants and the Motion does not specifically address Plaintiff's Eighth and Fourteenth Amendment claims, his retaliation claims or his state law claims.

*See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004)

(citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court

accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 127 S. Ct. at 1965

(citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise

a right to relief above the speculative level." Bell Atlantic Corp., 127 S.Ct. at 1965. Although the

United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does

require] enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

Courts consider the allegations of the complaint, attached exhibits, and matters of

public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc.,

998 F.2d 1192, 1196 (3d Cir. 1993). In addition, factual allegations within documents described or

identified in the complaint may be considered if the plaintiff's claims are based upon those

documents. *Id*. (citations omitted). A district court may consider these documents, as well as

indisputably authentic documents, without converting a motion to dismiss into a motion for

summary judgment. Spruill v. Gillis 372 F.3d 218, 223 (3d Cir.2004); In re Burlington Coat Factory

Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering pro se

pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520

(1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and

"apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name."

Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165

F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since

this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting <u>Higgins</u>, 293 F.3d at 688 ).


### B. Plaintiff's Allegations

Plaintiff makes the following allegations in his Complaint.  On November 24, 2004, Plaintiff was transferred from the State Correctional Institution at Graterford to the Fayette County Prison (FCP) for court proceedings.  Because of a past legal action filed by Plaintiff against Defendants Medlock and Croftcheck, Plaintiff was retaliated against by those Defendants and their co-workers. Specifically, shortly after being admitted to the Fayette County Prison, "Lt. Jackie" (Jane Doe No.1) approached Plaintiff in an aggressive manner and informed him that she was aware of his past legal filings, and that under her orders and orders from Warden Medlock and Deputy Warden Croftcheck, Plaintiff was "going to suffer."  Plaintiff claims that Lt. Jackie ordered correctional officer "J.R." (John Doe No.1) to place plaintiff in a pitch-dark cell that had no working lights.  The cell was infested with trash and grime and flooded with water from the broken sink When Plaintiff complained to Officer J.R., he laughed and walked away.

Lt. Jackie then announced to the other inmates that if they filed legal actions, they would receive the same treatment as Woods.  When Plaintiff begged to be placed in an adequate cell with lighting and that was not infected with trash and flooded with water, she replied in a very harsh voice that Plaintiff was getting nothing, not even soap or cleaning supplies, and was staying in that cell. Lt. Jackie stated that his confinement had been ordered by Defendants Medlock and Croftcheck

and that she did not respect inmates who filed legal actions against her co-workers. She then laughed and walked away.

Thereafter, despite knowing that Plaintiff was a single-cell status inmate, Lt. Jackie ordered that Kendrick Pratt, a mentally disturbed inmate on psycho tropic medications, be placed in Plaintiff's cell in an effort to punish him and cause him harm.

Plaintiff claims that he later slipped and fell in the cell, injuring his head and back. When he asked Officer J.R. for medical attention, J.R. responded that he would receive attention when "Nurse Patsy" (Jane Doe No. 2) made her rounds later that night at medication time. When Nurse Patsy made her rounds, she told Plaintiff that she was told not to provide Plaintiff with any medical treatment. Although she said she would check and see if prison staff would allow her to examine Plaintiff, she never came back to Plaintiff's cell. Plaintiff remained in pain for several days and is being treated for his back injuries by doctors and specialists.

Plaintiff states that he was deprived of recreation and fresh air, showers, soap and cleaning supplies and was forced to drink out of the toilet for drinking water. He submitted grievances to which Medlock and Croftcheck replied that he would stay in such conditions due to his past legal actions. He claims that Defendants Medlock, Croftcheck and John Doe No. 2, Maintenance Supervisor, were fully aware of the conditions of his cell and failed to fix the broken lights and broken sink and failed to remove the flooded water and infested trash and grime.

He claims that John Doe No. 3, the contracted medical service for the Prison, employs Nurse patsy and is aware that Nurse Patsy colludes with Defendants Medlock, Croftcheck and Brownfield to deny inmate medical care. He further claims that Defendant Brownfield, Vicities,

Hardy and Zimmerlink all are aware of the unlawful acts committed by Defendants Medlock and Croftcheck.

## C. Defendants' Motion to Dismiss

Defendants move to dismiss the Complaint on three grounds, which are discussed separately below.

1.  Does the complaint fail to state a claim under the First Amendment because there is no allegation that plaintiff's right to free speech was violated?

Plaintiff's First Amendment claims allege retaliation, not free speech. In this regard, it is well settled that retaliation for the exercise of a constitutionally protected right is itself a violation of rights secured by the Constitution, which is actionable under section 1983. Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001); White v. Napoleon, 897 F.2d 103, 112 (3d Cir. 1990). In order to prevail on a retaliation claim, a plaintiff must show three things: (1) the conduct which led to the alleged retaliation was constitutionally protected; (2) that he was subjected to adverse actions by a state actor (here, the prison officials); and (3) the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action. See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Anderson v. Davila, 125 F.3d 148, 163 (3d Cir. 1997). If the plaintiff proves these three elements, the burden shifts to the state actor to prove that it would have taken the same action without the unconstitutional factors. Mt. Healthy, 429 U.S. at 287.

Here, Plaintiff has alleged retaliation by Defendants due to his protected activity in filing lawsuits. Thus, it is patently obvious that his First Amendment retaliation claims should not be dismissed.

2.  Should the Fayette County Commissioners, the Fayette County Sheriff, and the Fayette County Prison Board be dismissed at this

time because the complaint pleads nothing to suggest that they violated plaintiff's civil rights in any manner whatsoever and because the claims are improperly premised on respondeat superior?

a. Official Capacity

Plaintiff has sued all defendants in their official and individual capacities. With the exception of non-moving Defendants John Doe No. 3 and possibly Jane Doe No. 2, his official capacity claims against the Defendants are construed as asserting liability against Fayette County. In Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978), the Supreme Court held that municipalities and other local governmental units are "persons" subject to liability under 42 U.S.C. § 1983. In so ruling, however, the Court declared that municipal liability may not be premised on the mere fact that the governmental unit employed the offending official, *i.e.*, through application of the doctrine of *respondeat superior*. Instead, the Court concluded that a governmental unit may be liable under section 1983 only when its "policy" or "custom," whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, directly inflicted the injury. Monell, 436 U.S. at 694. The "official policy" requirement distinguishes acts of the municipality from acts of employees of the municipality, thereby limiting liability to action for which the municipality is actually responsible, *i.e.*, acts that the municipality has officially sanctioned or ordered. *Id*. In Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986), the Court further clarified that "municipal liability under § 1983 attaches where--and only where--a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id*. at 483 (citation omitted).

To establish municipal liability plaintiff must: 1) demonstrate the existence of an unlawful policy or custom, and 2) prove that the municipal practice was the proximate cause of his injury. Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 405 (1997) (a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights). The Supreme Court has instructed that "policy" is made when a decisionmaker possessing final authority over the subject matter issues an official proclamation, policy, or edict. Pembaur, 475 U.S. at 481. Custom can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law. Monell, 436 U.S. at 690. *See also* Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).

In the case at bar, Plaintiff has not identified any policy or custom attributable to the County. In this regard, Plaintiff has not set forth any evidence of any similar incidents that have occurred in the past, save for the one in which he was involved, to prove some pattern of conduct that could establish a custom or policy. It is well settled that a single incident of unconstitutional behavior, without any direct involvement by a municipal policy maker, is not sufficient to impose municipal liability. Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986); City of Oklahoma v. Tuttle, 471 U.S. 808, 822 (1985); Groman v. Township of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995) (plaintiff's mere assertion of the incident at issue, plus vague assertions about the police department's failure to investigate other wrongdoings, did not provide sufficient proof of a policy or custom to satisfy the dictates of section 1983).[3] Because Plaintiff's allegations are insufficient

_____

3. *See also* Bryan County, 520 U.S. at 409 (a single decision by municipal lawmakers can

(continued...)

to state a claim upon which relief may be granted against Fayette County, his capacity claims against all County Defendants fail to state a claim upon which relief can be granted under 42 U.S.C. § 1983 and should be dismissed.

b. <u>Individual Liability</u>

To establish personal liability against a defendant in a section 1983 action, that defendant must have <u>personal</u> involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988); <u>Chinchello v. Fenton</u>, 805 F.2d 126, 133 (3d Cir. 1986). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. <u>Rode</u>, 845 F.2d at 1207. "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id*. *See also* <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005).

Notwithstanding, when a supervising official <u>knowingly permits</u> a continuing custom or policy that results in harm to the plaintiff, 1983 liability may attach. <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 673 (3d Cir. 1988), *cert. denied*, 489 U.S. 1065 (1989) (Colburn I). In order to maintain a claim for supervisory liability, a plaintiff must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to

---

3. (...continued)
trigger municipal liability only if the decision itself is found to be unconstitutional, *i.e.*, a reasonable policymaker should have concluded that the "plainly obvious" consequence of his or her decision would be the deprivation of a third party's federally protected rights).

violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinates' violations.  *See* <u>Robinson v. City of Pittsburgh</u>, 120 F.3d 1286, 1293 (3d Cir. 1997); <u>Baker v. Monroe Twp.</u>, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

"A civil rights complaint is adequate where it states the conduct, time, place, and persons responsible."  <u>Evancho v. Fisher</u>, 423 F.3d at 353.  As Defendants point out, Plaintiff's Complaint fails to allege facts that, if proven, would show that Defendants Brownfield, Vicities, Hardy and Zimmerlink had any personal involvement in the alleged violations of Plaintiff's constitutional rights.  His allegations that these Defendants were aware of the unlawful acts committed by Defendants Medlock and Croftcheck are not plausible and are insufficient for a finding of personal involvement for § 1983 purposes.  Consequently, the Motion to Dismiss should be granted as to these Defendants.

3.    Does Plaintiff fail to state a claim against an unidentified "prison counselor" and "maintenance supervisor" because the complaint does not identify them in any way, does not plead any facts as to these person's actions, and fails to identify how these persons allegedly violated his rights?

Plaintiff alleges personal involvement by the remaining moving Defendants: Medlock, Croftcheck, John Doe No. 1, Jane Doe No. 1 and John Doe No. 2.  Specifically, he claims that his cell conditions were ordered by Defendants Medlock, Croftcheck, and Jane Doe No.1 - Lt. Jackie, that John Doe. No. 1 - Correctional Officer J.R. refused to alleviate his cell conditions and that John Doe No. 2 was the maintenance supervisor presumably in charge cell repairs who knowingly failed to fix his cell.  He claims these individuals knowingly left him in an unlighted, flooded, filthy cell without running water, soap or cleaning supplies for seventeen days in retaliation for his past activity in filing lawsuits.  He further claims that Jane Doe No. 3 - Prison Counselor,

came by his cell along with Defendants Medlock and Croftcheck, and asked whether he wished he had not filed his past legal actions (doc. no. 15, p. 3). Consequently, the Motion to Dismiss should be denied as to these Defendants.

**III.**     **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss (doc. no. 12) be granted as to Defendants Brownfield, Vicities, Hardy, Zimmerlink, and John Doe No. 4 - County Prison Board. It is respectfully recommended that the Motion to Dismiss be denied as to Defendants Medlock, Croftcheck, John Doe No. 1 - Officer J.R., Jane Doe No. 1 - Correctional Lieutenant, John Doe No. 2 - Maintenance Supervisor, and Jane Doe No. 3 - Prison Counselor.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

December 10, 2007

Lisa Pupo Lenihan
U.S. Magistrate Judge

cc:         The Honorable Nora Barry Fischer
            United States District Judge

            Thomas E. Woods
            DE - 4522

S.C.I. Graterford
P.O. Box 244
Graterford, PA  19426